Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
Tel: (415) 882-7900
Facsimile: (415) 882-9287
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRICKLAYERS LOCAL NO. 3 PENSION TRUST and its Board of Trustees; JEFF BARBER and DAVID JACKSON, Trustees, et al.;<br><br>   Plaintiffs,<br><br>   v.<br><br>PETE WISMANN MASONRY, INC., a California Corporation,<br><br>   Defendant. | Case No.: C13-5896 CW<br><br>**JUDGMENT PURSUANT TO STIPULATION; ORDER THEREON** |

IT IS HEREBY STIPULATED by and between the parties hereto, that Judgment shall be entered in the within action in favor of the Plaintiffs Bricklayers Local No. 3 Pension Trust, et al. (collectively "Plaintiffs" or "Trust Funds") and against Defendant Pete Wismann Masonry, Inc., a California Corporation, and/or alter egos and/or successor entities, as follows:

1.   Defendant entered into valid Collective Bargaining Agreements with the Northern California Marble Mason Contractors Multi-Employer Bargaining Association and Masonry Contractors' Association of Central California and the Bricklayers Local Union #3 of California, IUBAC, AFL-CIO, and the Marble Masons and Marble Finishers by and between Marble Dealers of Northern California and Independent Marble Contractors, and Bricklayers and Allied Craftworkers Local Union 3 CA. IUBAC, AFL-CIO (collectively, "Bargaining Agreements"). These Bargaining Agreements have continued in full force and effect to the present time.

2.   Defendant has become indebted to the Trust Funds as follows:

| 1/1/10 – 9/30/13 | Contribution Underpayments on audit: | $33,721.26 | |
|---|---|---|---|
| | 20% Liquidated Damages: | $6,744.25 | |
| | 10% Interest: | | |
| | ▪ Through 11/14/13, per audit | $11,537.14 | |
| | Audit Fees | $2,025.00 | |
| | **Subtotal:** | | **$54,027.65** |
| Attorneys' Fees (through 1/10/14): | | $1,598.00 | |
| Filing Fee and Costs of Service: | | $492.15 | |
| | **Subtotal:** | | **$2,090.15** |
| **GRAND TOTAL:** | | | **$56,117.80** |

3.   Defendant shall *conditionally* pay the amount of **$49,373.55**, representing all of the above amounts, **less liquidated damages in the amount of $6,744.25.** *This waiver is expressly conditioned upon the Trustees' approval following timely compliance with all of the terms of this Stipulation,* as follows:

(a)   Beginning on or before March 1, 2014, and on or before the 1st day of each month thereafter, for a period of twelve (12) months, through and including February 1, 2015, Defendant shall pay to Plaintiffs a minimum of **$5,000.00** per month;

(b)   Any payments made by a general contractor's joint check to Defendant and Plaintiff Trust Funds shall be endorsed by Defendant prior to submission to Plaintiffs;

(c)   Defendant shall have the right to increase the monthly payments at any time, without penalty;

(d)   Payments shall be applied first to unpaid interest and then to unpaid principal. The unpaid principal balance shall bear interest at the rate of 10% per annum, from January 10, 2014, in accordance with Plaintiffs' Trust Agreements;

(e)   Payments shall be made payable to the "*B.A.C. Local 3 Trust Funds*" and delivered to Muriel B. Kaplan at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, or to such other address as may be specified by Plaintiffs, **to be received on or before the 1st day of each month**.

(f)   Defendant shall pay all additional costs and attorneys' fees incurred by Plaintiffs, following those included in ¶3 herein, in connection with collection and allocation of the

amounts owed by Defendant to Plaintiffs under this Stipulation, regardless of whether or not there is a default herein.

(g) Prior to February 1, 2015, the deadline for Defendant's last monthly payment toward the conditional balance owed under the Stipulation, Plaintiffs shall notify Defendant in writing of the final amount due, including any additional interest and attorneys' fees and costs, as well as any other amounts due under the terms herein. Any additional amounts due pursuant to the provisions hereunder shall be paid in full with the final conditional stipulated payment.

(h) Following Defendant's payment of the last conditional monthly payment under the Stipulation, Defendant will be advised as to whether or not the waiver has been granted by the Board of Trustees. If the waiver is granted, upon bank clearance of Defendant's last payment of the conditional balance and confirmation that Defendants' account is otherwise current, Plaintiffs will file a Notice of Satisfaction of Judgment with the Court. However, if the waiver is denied, monthly payments will continue as provided in (a) above, until all liquidated damages due have been paid. All terms herein shall continue to apply until all payments are satisfied.

(i) Failure to comply with any of the above terms shall constitute a default of Defendant's obligations under this Stipulation and the provisions of ¶13 shall apply.

5. Lawrence William Wismann acknowledges that he is authorized to enter this Stipulation on behalf of Defendant Pete Wismann Masonry, Inc. Lawrence William Wismann, Cecilia Ann Hooton, Mitchell Drew Johnson, James Patrick Wismann, and Mary Therese Wismann (hereinafter referred to as "Guarantors") confirm that they are personally guaranteeing the amounts due pursuant to the terms of this Stipulation and further acknowledge that all affiliates, related entities, purchasers, and successors in interest to Pete Wismann Masonry, Inc. shall also be bound by the terms of this Stipulation as Guarantors, and also consent to this Court's jurisdiction.

6. Beginning with contributions due for hours worked by Defendant's employees during the month of January 2014, which are due on February 15, 2014 and delinquent if not received by that date, and for every month thereafter, Defendant/Guarantors **shall remain current in reporting and payment of any contributions** due to Plaintiffs under the current Collective Bargaining Agreement and under all subsequent Collective Bargaining Agreements, if any, and the

1  Declarations of Trust as amended. **Defendant shall timely submit a <u>copy</u> of all contribution reports for each month, together with a <u>copy</u> of the payment check(s), by facsimile or email to Muriel Kaplan at 415-882-9287, or by email to both mkaplan@sjlawcorp.com** *and* **mvalentine@sjlawcorp.com or to such other fax number or email address as may be specified by Plaintiffs, <u>concurrent with sending the payment to the Trust Fund office</u>.** Failure by Defendant to timely submit copies of current contribution reports and payments to Muriel Kaplan as described above shall constitute a default of the obligations under this agreement.

7.   Defendant shall make full disclosure of all jobs on which it is working by providing Plaintiffs with a monthly job report on the form attached hereto as *Exhibit A*, including, but not limited to, the name and address of job, general contractor information, certified payroll if a public works job, start date and anticipated completion date, of each job. **Defendant shall submit said updated list each month by the last day of the month (as stated in above ¶6, by fax or email).** This requirement remains in full force and effect regardless of whether or not Defendant has ongoing work. In this event, Defendant shall submit a statement stating that there are no current jobs. To the extent that Defendant is working on a Public Works job, or any other job for which Certified Payroll Reports are required, copies of those Reports shall also be submitted to Muriel Kaplan, concurrently with the monthly job reports. Failure by Defendant to timely submit updated monthly job reports shall constitute a default of the obligations under this agreement. This obligation remains in full force and effect under this Stipulation so long as Defendant is in business, and work is being performed.

8.   Failure by Defendant/Guarantors to remain current in reporting or payment of monthly contributions owed shall constitute a default of the obligations under this agreement. Any such unpaid or late paid contributions, together with 20% liquidated damages and 10% per annum interest accrued on contributions, shall be added to and become a part of this Judgment and subject to the terms herein. Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions, and for any additional past contributions not included herein as may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, or other means, and the provisions of this

agreement are in addition thereto. Defendant/Guarantors specifically waive the defense of the doctrine *res judicata* as to any such additional amounts determined as due.

9. Should the Trust Funds request a further audit of Defendant's payroll records in order to confirm proper reporting and payment of contributions pursuant to the Bargaining Agreement, any failure by Defendant to comply with said request or payment thereof shall constitute a default of the obligations under this Agreement.

10. In the event that any check is not timely submitted, is submitted by Defendant/Guarantors but fails to clear the bank, or is unable to be negotiated for any reason for which Defendant/Guarantors is responsible, this shall be considered to be a default on the Judgment entered. If Defendant/Guarantors fail to submit their contribution reports, and/or certified payroll reports (if any) and/or job lists, and/or fails to comply with ***any*** of the terms of the Stipulation herein, this too shall constitute a default.

11. Defendant and Guarantors and any additional entities in which Guarantors or any one of them is an officer, owner or possesses any ownership interest, including all successors in interest, assignees, and affiliated entities (including, but not limited to parent or other controlling companies), and any companies with which Pete Wismann Masonry, Inc. joins or merges, if any, shall also be bound by the terms of this Stipulation. Defendant/Guarantors and all such entities specifically consent to the Court's jurisdiction, which shall be specified in writing at the time of any assignment, affiliation or purchase of Defendant, along with the obligations to the terms herein.

12. If a default occurs, Plaintiffs shall make a written demand, sent to Defendant/Guarantors by facsimile to (650) 969-6354 and by regular mail, to cure said default within seven (7) days of the date of the notice from Plaintiffs. If Defendant or Guarantors elect to cure said default, and Plaintiffs elect to accept future payments, all such payments shall be made by cashier's check if the default is caused by a failed check.

13. In the event the default is not cured, all amounts remaining due hereunder, as well as any additional amounts due pursuant to the terms herein, shall be due and payable on demand by Plaintiffs as follows:

      (a) The entire amount of $56,117.80 plus interest, reduced by principal payments

-5-
**JUDGMENT PURSUANT TO STIPULATION**
**CASE NO.: C13-5896 CW**

C:\USERS\RILEYN\APPDATA\LOCAL\TEMP\NOTES95EC0B\JUDGMENT PURSUANT TO STIPULATION (FINAL) 032714.DOCX

received by Plaintiffs, but increased by any unpaid contributions then due, including audit findings, if any, plus 20% liquidated damages and 10% per annum interest, together with any additional attorneys' fees and costs incurred;

    (b)    A Writ of Execution may be obtained against Defendant and Guarantors and all related entities without further notice, in the amount of the unpaid balance, plus any additional amounts due under the terms herein. The declaration of a duly authorized representative of the Plaintiffs setting forth any payment theretofore made by or on behalf of Defendant/Guarantors, and the balance due and owing as of the date of default, shall be sufficient to secure the issuance of a Writ of Execution;

    (c)    Defendant and Guarantors waive notice of entry of judgment and expressly waive all rights to stay of execution and appeal.

14.    Any failure on the part of the Plaintiffs to take any action against Defendant or Guarantors as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the Defendant or Guarantors of any provisions herein.

15.    In the event of the filing of a bankruptcy petition by Defendant or any Guarantor, the parties agree that any payments made by Defendant or Guarantors pursuant to the terms of this judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendant or Guarantors as a preference under 11 U.S.C. Section 547 or otherwise. Defendant and Guarantors nevertheless represent that no bankruptcy filing is anticipated.

16.    Should any provision of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Stipulation.

17.    This Stipulation is limited to the agreement between the parties with respect to the delinquent contributions and related sums enumerated herein, owed by Defendant or Guarantors to

the Plaintiffs. This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendant and Guarantors acknowledge that the Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendant and/or Guarantors as provided by the Plaintiffs' Plan Documents, the Trust Agreements incorporated into the Collective Bargaining Agreement, and the law.

18. This Stipulation contains all of the terms agreed by the parties and no other agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

19. This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

20. The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

All parties and the Guarantors represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that they have read this Stipulation with care and are fully aware of and represent that they enters into this Stipulation voluntarily and without duress.

Dated:     **PETE WISMANN MASONRY, INC., a California corporation**

By: _____
LAWRENCE WILLIAM WISMANN
its RMO

Dated:     **LAWRENCE WILLIAM WISMANN, Guarantor**

By: _____
LAWRENCE WILLIAM WISMANN

Dated:     **CECILIA ANN HOOTON, Guarantor**

By: _____
CECILIA ANN HOOTON

///

///

Dated: _____                           **MITCHELL DREW JOHNSON, Guarantor**

By: _____
    MITCHELL DREW JOHNSON

Dated: _____                           **JAMES PATRICK WISMANN, Guarantor**

By: _____
    JAMES PATRICK WISMANN

Dated: _____                           **MARY THERESE WISMANN, Guarantor**

By: _____
    MARY THERESE WISMANN

Dated: March ___, 2014                            **SALTZMAN & JOHNSON LAW CORPORATION**

By: _____
    MURIEL B. KAPLAN
    Attorneys for Plaintiffs

**IT IS SO ORDERED.**

IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain jurisdiction over this matter.

Dated: _____March 31_____, 2014

By: _[signature]_____
UNITED STATES DISTRICT COURT JUDGE

-8-
JUDGMENT PURSUANT TO STIPULATION
CASE NO.: C13-5896 CW

*Exhibit A*
## JOB REPORT FORM

*** Updated report must be faxed to Muriel Kaplan, Esq., at (415) 882-9287, or emailed to mkaplan@sjlawcorp.com and mvalentine@sjlawcorp.com on or before the last business day of each month ***

Employer Name: **PETE WISMANN MASONRY, INC.**

Report for the month of _____, 2014___ Submitted by (name): _____

**Please spell out project, owner and general contractor names, and complete all fields**

| | | | |
|---|---|---|---|
| **Project Name:** | | | |
| **Project Address:** | | | |
| **General Contractor:** | | | |
| **General Contractor Address:** | | | |
| **General Contractor Telephone #:** | | **Project Manager Name:** | |
| **Project Manager Telephone #:** | | **Project Manager email address:** | |
| **Contract #:** | | **Contract Date:** | |
| **Total Contract Value:** | | | |
| **Work Start Date:** | | **Work Completion Date:** | |
| **Project Bond #:** | | **Surety:** | |

| | | | |
|---|---|---|---|
| **Project Name:** | | | |
| **Project Address:** | | | |
| **General Contractor:** | | | |
| **General Contractor Address:** | | | |
| **General Contractor Telephone #:** | | **Project Manager Name:** | |
| **Project Manager Telephone #:** | | **Project Manager email address:** | |
| **Contract #:** | | **Contract Date:** | |
| **Total Contract Value:** | | | |
| **Work Start Date:** | | **Work Completion Date:** | |
| **Project Bond #:** | | **Surety:** | |

**Attach additional sheets as necessary**

<u>PROOF OF SERVICE</u>

1. I am a citizen of the United States and am employed in the County of San Francisco, State of California. My business address is 44 Montgomery Street, Suite 2110, San Francisco, California 94104.

2. I am over the age of eighteen and not a party to this action.

3. On **March 27, 2014**, I served the following document(s):

**JUDGMENT PURSUANT TO STIPULATION; [PROPOSED] ORDER THEREON**

on the interested parties in said action by enclosing a true and exact copy of each document in a sealed envelope and placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with First Class postage fully prepaid.

4. The envelope was addressed and mailed as follows:

> Lawrence William Wismann
> Cecilia Ann Hooton
> Mitchell Drew Johsnon
> James Patrick Wismann
> Mary Therese Wismann
> Pete Wismann Masonry, Inc.
> 2550 Wyandotte, #E
> Mountain View, CA 94043

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on **March 27, 2014**, at San Francisco, California.

/S/
Michelle Valentine, Paralegal